JOHN S. LEONARDO
United States Attorney
District of Arizona

MATTHEW W. DROGEMULLER
Special Assistant United States Attorney
California State Bar Number: 260040
90 7th Street, Suite 4-500
San Francisco, CA 94103-6705
Telephone: (415) 437-8176
Facsimile:  (415) 437-8188
E-Mail:  Matthew.Drogemuller@hhs.gov

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br>         v.<br><br>State Farm Mutual Automobile Insurance Co.; Irene Livingston; and Casjaye Vale Livingston,<br><br>                    Defendants. | **Case No. _____**<br><br>**COMPLAINT** |

**INTRODUCTION**

1. The United States Department of Health and Human Services ("DHHS") provides medical care through the Indian Health Service ("IHS") for members of federally-recognized Indian tribes.  Under 25 U.S.C. § 1621e and 42 U.S.C. §§ 2651-2653, DHHS has the right to recover for the cost of providing medical care to IHS beneficiaries from tortfeasors or their insurance companies when the tortfeasor caused the beneficiary's injuries.

2. Gabriel Gruber, a member of a federally-recognized Indian tribe, was injured in an auto versus pedestrian accident on or about September 20, 2012, when he was struck by a car while walking along the side of the road.

3. Casjaye Vale Livingston's negligence in operating a motor vehicle was the proximate cause of the accident.

4. The Defendant insurance company provided insurance that covered Ms. Livingston.

5. IHS has spent $45,137.39 in providing, or paying for, medical care to Mr. Gruber for the injuries he suffered in the accident.

6. Although Defendants do not deny liability for the accident, to date IHS has not been reimbursed from the Defendant insurance company or from any other sources for the medical care Mr. Gruber received for the injuries he sustained in the accident.

7. DHHS brings this action to recover its costs in providing, or paying for, Mr. Gruber's medical care.

**PARTIES**

8. Plaintiff is the United States of America ("United States"), on behalf of its agency the DHHS and its component agency the IHS.  The IHS is responsible for providing federal health services to American Indians and Alaska Natives and is the principal federal health care provider for Indian people.

9. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois corporation and is licensed to provide insurance in Arizona.

1

10. Defendant Irene Livingston is a citizen and resident of Arizona. She is the owner of the vehicle involved in the accident and the holder of the State Farm insurance policy that insured the vehicle.

11. Defendant Casjaye Vale Livingston is a citizen and resident of Arizona. She is related to Defendant Irene Livingston and, with Irene Livingston's permission, was driving the vehicle involved in the accident.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345.

13. Venue is proper in the District Court of Arizona pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred here and because Defendants are subject to personal jurisdiction here. The accident that gave rise to Defendants' liability took place in Sanders, Arizona. Also, Mr. Gruber received medical treatment by various Arizona medical providers, including Puerco Valley Ambulance, which is based in Sanders, Arizona; Flagstaff Emergency Physicians in Flagstaff, Arizona; and Flagstaff Medical Center, also in Flagstaff, Arizona. Mr. Gruber's medical treatment, and reimbursement, by IHS form the basis of Plaintiff's claim.

## ALLEGATIONS

14. According to the police reports, on September 20, 2012, between 8:00 p.m. and 10:00 p.m., Mr. Gruber was intoxicated and walking with Brayannon Blackwater along Navajo Route 2011 (N-2011) in Sanders, Arizona.

15. Casjaye Vale Livingston was driving a Cadillac Escalade with three passengers to a high school football game when they passed Gabriel Gruber and Brayannon Blackwater walking along the side of N-2011. Ms. Livingston and her passengers saw Mr. Gruber and Ms. Blackwater and yelled at them, "get off the road!" Mr. Gruber yelled back at them.

16. After leaving the football game approximately 30 minutes later, Ms. Livingston and her passengers again saw Mr. Gruber and Ms. Blackwater on the road and yelled at

2

them once more. According to Mr. Gruber, he yelled back, exclaiming, "Don't scream at us! Say it to my face. Don't just yell at someone and drive off!"

17. Ms. Livingston then turned around farther down the road and drove back in the direction of Mr. Gruber. As she approached, Mr. Gruber ran at the truck and tried to jump on the hood. Ms. Livingston swerved to avoid Mr. Gruber but struck him with the right side passenger mirror.

18. The Apache County Sheriff's Office, which responded to the scene and investigated the accident, determined that both parties were at fault.

19. After the accident, Mr. Gruber was airlifted to a hospital and received treatment for his injuries.

20. Mr. Gruber is a member of the Navajo tribe, a federally-recognized Indian tribe. Because Mr. Gruber is an Indian tribal member, his medical care was either provided or covered by the IHS.

21. IHS's total costs for Mr. Gruber's care, including amounts paid to outside medical providers, totaled $45,137.39. Mr. Gruber's medical care was primarily provided by Flagstaff Medical Center in Flagstaff, Arizona.

22. As the insurance company for the tortfeasor, State Farm does not dispute its liability. State Farm offered to settle with Mr. Gruber for its policy limit of $25,000, which Mr. Gruber accepted.

23. DHHS, on behalf of IHS, sent notices to State Farm informing it that as the insurance company of the tortfeasor, it is responsible for reimbursing IHS for the costs of Mr. Gruber's medical care. To date, IHS has not been reimbursed by any of the Defendants or from any other sources.

### COUNT ONE
### (25 U.S.C. § 1621e)

24. Plaintiff incorporates by reference the preceding paragraphs.

25. By virtue of the forgoing conduct, the United States retains the independent right under 25 U.S.C. § 1621e, to recover from the Defendants the costs of medical treatment

IHS paid for or provided to Gabriel Gruber. Plaintiff also seeks attorneys' fees and costs in pursuing this action.

## COUNT TWO

### (Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653)

26. Plaintiff incorporates by reference the preceding paragraphs.

27. By virtue of the forgoing conduct, the United States retains the independent right under the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653, to recover from the Defendants the value of all medical treatment that IHS paid for, or provided to, Gabriel Gruber.

## COUNT THREE

### (Unjust Enrichment)

28. Plaintiff incorporates by reference the preceding paragraphs.

29. Defendants were unjustly enriched by Plaintiff's payments for the medical care of Mr. Gruber. As Defendants are responsible for Mr. Gruber's medical care due to the negligence of Casjaye Vale Livingston, it would be unjust for Defendants to retain the benefit of IHS's coverage of Mr. Gruber's medical care without reimbursing IHS.

30. By virtue of the forgoing conduct, the United States is entitled to recover from the Defendants the costs of all medical treatment provided to Gabriel Gruber by IHS as a result of Casjaye Vale Livingston's negligence.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in an amount to be determined at trial as follows:

a. Recovery of the costs of IHS's provision of medical care to Gabriel Gruber;

b. Awarding Plaintiff attorneys' fees and costs in pursuing this action; and

c. Awarding such other and further relief as this Court deems just, proper and equitable.

//

//

4

Respectfully submitted this 10th of March, 2016.

        UNITED STATES OF AMERICA

        JOHN S. LEONARDO
        United States Attorney
        District of Arizona

        s/ *Matthew W. Drogemuller*
        MATTHEW W. DROGEMULLER
        Special Assistant United States Attorney
        CA State Bar Number:  260040
        90 7th Street, Suite 4-500
        San Francisco, CA 94103-6705
        Telephone: (415) 437-8176
        Facsimile:  (415) 437-8188
        E-Mail:  Matthew.Drogemuller@hhs.gov